# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Alfred Shammah

## DEFENDANTS
Quality Asset Recovery, LLC

(b) County of Residence of First Listed Plaintiff: **Monmouth**

County of Residence of First Listed Defendant: **Camden**

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
M. Harvey Rephen & Associates, P.C.
Jim Chehebar, Esq.
Of Counsel
4 Ross Ct., Oakhurst, New Jersey 07755 - (732) 616-6944

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC § 1692(b)

Brief description of cause:
Third party Disclosure of the FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____ DOCKET NUMBER _____

Explanation:

DATE: 12/6/12

SIGNATURE OF ATTORNEY OF RECORD: [signature]

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | | |
|---|---|---|
| Alfred Shammah | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Quality Asset Recovery, LLC | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Quality Asset Recovery, LLC
7 Foster Avenue, Suite 101
Gibbsboro, NJ 08026

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: M. Harvey Rephen & Asssociates, P.C
Jim Chehebar, Esq., Of Counsel
4 Ross Court
Oakhurst, NJ 07755

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .

I declare under penalty of perjury that this information is true.

Date: _____
                                            _____
                                            *Server's signature*

                                            _____
                                            *Printed name and title*

                                            _____
                                            *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ALFRED SHAMMAH,                         :        Civil Action No.:

                Plaintiff,       :

v.                                      :        **COMPLAINT**

QUALITY ASSET RECOVERY, LLC,            :

                Defendant        :

---

Plaintiff ALFRED SHAMMAH ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., as and for his Complaint against the Defendant, QUALITY ASSET RECOVERY, LLC ("Defendant)", respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2.    Plaintiff is a resident of the State of New Jersey, residing at 3 Meadow Lane, West Long Branch, New Jersey 07764.

3.    Defendant is a limited liability corporation engaged in the business of collecting debts, duly organized and existing under the laws of the State of New Jersey,

with an address located at 7 Foster Ave, Suite 101, Gibbsboro, NJ 08026.

4. The Plaintiff is a "consumer" as that term is defined and used in the FDCPA pursuant to 15 U.S.C. §1692a(3).

5. Defendant is a "debt collector" as that term is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is properly placed in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), based upon plaintiff's residence within this district.

## FACTUAL ALLEGATIONS

8. Plaintiffs repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on its behalf, or on behalf of a third-party, as purchaser of the debt, began collecting an alleged consumer debt from the Plaintiff.

10. Upon information and belief, and better known to the Defendant, Defendant began its collection efforts and campaign of communicating with the Plaintiff in or around June of 2012, by calling Plaintiff's home telephone and leaving a voicemail message on Plaintiff's answering machine.

11. Plaintiff's voicemail greeting contained a recorded message, which clearly

identified that the telephone line was a family telephone used by all members of Plaintiff's household.

12. Defendant's message was overheard by Plaintiff's mother, a non-consumer third-party, and indicated that Defendant was a debt collector attempting to collect an alleged debt.

13. Defendant's message further disclosed to Plaintiff's mother that Plaintiff owed a debt and was being contacted by a debt collector to collect such debt.

## CAUSE OF ACTION
*(Violations of the FDCPA)*

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. 15 USC §1692c(b) prohibits a debt collector from disclosing to a third party that the consumer is being contacted by a debt collector concerning a debt without permission from the consumer.

16. The Defendant violated 15 USC §1692c(b) by communicating to Plaintiff's mother, a third party, that Plaintiff was being contacted by a debt collector concerning an alleged debt owed.

17. Plaintiff's claim that Defendant violated the foregoing provision of the FDCPA is supported by the following law: In <u>Travis Banco v. Credit Collection Services Inc</u>. N. CIV S-10-1242 FCD/EFB USDC ED, California, the court found that Credit Collection Service's position that it cannot be liable because the message was solely intended for plaintiff and that plaintiff's mother should have refrained from listening when she heard the warning is

wholly without merit." The Court further states that "Defendant cites to no authority supporting its proposition that a person must refrain from listening to a voice message in his or her own home merely because the message is for another person. Indeed, the weight of the case law militates strongly in favor of the inverse conclusion."

18. The Banco Court further cited Berg v. Merchants Assoc. Collection Div., Inc., 586 F.Supp.2d 1336, 1338-39 (S.D. Fla. 2008),[3], wherein, the defendant collection agency left a voicemail message strikingly similar to that left by Defendant here, which Berg's father, step-mother and neighbor heard. As is the case here, in Berg, "Defendant left messages at the plaintiff's home with a warning to the listener to disconnect if the listener was not the plaintiff, and that continuing to listen to the message indicates that the listener was plaintiff." Id. at 1343. The court held that merely giving the warning that the party listening should hang up if not the plaintiff, does not shield a debt collector from liability under Section 1692c(b) when a third party overhears the message. Id. Similarly here, for the same reasons, defendant's contention that the warning on the message shields it from liability is ineffectual.

19. Additionally, the District Court of Minnesota's recent holding in Zorman v. J.C. Christensen & Associates, Civ. No. 10-3086, 2011 WL 1630935 (D. Minn. 2001), is similarly instructive. In Zortman, the defendant left messages on plaintiff debtor's voicemail, which plaintiff's children overheard. Id. at *1. The defendant asserted, as does Defendant in this case, that it was not liable under Section 1692c(b) for communicating with a third party because they did not "purposefully or deliberately make disclosures to a third party." Id. at *2. The court explained that reading an intent requirement into the statute would be "inconsistent with the ordinary meaning of 'to communicate,'" and thus, held that Section

1692c(b) does not require a deliberate act. Id. at *5. The court noted that the "FDCPA is a strict liability statute, which conflicts with requiring deliberate or purposeful intent." Id. (*citing* Picht v. Jon R. Hawks, Ltd., 236 F.2d 446, 451 (8th Cir. 2001)).

20. The Zorman Court further stated that:

> The fact that plaintiff was the intended recipient of the message and that the message instructed non-intended listeners to hang up does not absolve defendant of liability for communicating information about the plaintiff's debt to a third party. Defendant is strictly liable under Section 1692c(b) for communicating with a third party — plaintiff's mother — without the debtor's consent, regardless of whether the communication was deliberate or intentional.

Zorman, 2011 WL 1630935 at *5; see also Clayson v. Rubin & Rothman LLC, 751 F.Supp.2d 491 (W.D.N.Y. 2010) (holding that communicating twice with debtor's mother about the debt without the debtor's authorization violated section 1692c(b))."

21. The Zorman Court further concluded that the defendant's reliance on staff commentary from the Federal Trade Commission ("FTC") — the agency charged with enforcing the act — which states that "[a] debt collector does not violate this provision when an eavesdropper overhears a conversation with the consumer, unless the debt collector has reason to anticipate the conversation will be overheard" is misplaced (Def.'s Opp'n at 8:10-14). The Berg court, in analyzing the same commentary, stated that "[t]he example given here by the FTC suggests that the FDCPA is violated by debt collectors who leave message for consumers while aware that the message may be heard by others." Berg, 586 F.Supp.2d at 1342. In this case, defendant had reason to anticipate that the conversation would be overheard, since plaintiff's outgoing message specifically states that plaintiff is not the only resident at the home. To that end, not only does the agency's commentary not help defendant, it actually supports the finding of liability in this instance.

22.     As a result of Defendant's violations of the FDCPA, Plaintiff has been harmed and is entitled to damages in accordance with the FDCPA.

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows: (1) actual damages provided and pursuant to 15 USC §1692k(a)(1); (2) statutory damages provided and pursuant to 15 USC §1692k(2)(A); (3) statutory damages provided and pursuant to 15 USC §1692k(2)(B); (4) attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3); (5) a declaration that the Defendant's practices violated the FDCPA; and (6) for any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which it is or may be entitled to a jury trial.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated:      December 6, 2012

M. HARVEY REPHEN & ASSOCIATES, P.C.
Jim Chehebar, Esq.
*Of Counsel*
4 Ross Court
Oakhurst, New Jersey 07755
(732) 616-6944
Attorney for the Plaintiff
Alfred Shammah

To:   Quality Asset Recovery, LLC
      7 Foster Ave., Suite 101
      Gibbsboro, NJ 08026
      *(Via Prescribed Service)*

      Clerk of the Court,
      United States District Court, District of New Jersey
      Clarkson S. Fisher Building & U.S. Courthouse
      402 East State Street Room 2020
      Trenton, New Jersey 08608
      *(For Filing Purposes)*